Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Central District of California

Civil Division



FILED
CLERK, U.S. DISTRICT COURT

FEB - 1 2023

CENTRAL DISTRICT OF CALIFORNIA
BY EEE          DEPUTY

Kellen John Clarke

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Sheriff Ian Parkinson, Wellpath LLC. at San Luis
Obispo County Jail, Doctor Kushdi Cader, Doctor
Christine Mulkerin, Chief Probation Officer Robert B,et.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

2:23-CV-00780 - ODW -MRW

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kellen John Clarke |
| All other names by which you have been known: | |
| ID Number | BS1620 |
| Current Institution | Released on Parole |
| Address | 5401 Capistrano Avenue |

| | | |
|---|---|---|
| Atascadero | Ca | 93422 |
| *City* | *State* | *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ian Parkinson |
| Job or Title *(if known)* | San Luis Obispo County Sheriff |
| Shield Number | |
| Employer | County of San Luis Obispo *SHERIFF'S DEPARTMENT* |
| Address | 1585 Kansas Avenue |

| | | |
|---|---|---|
| San Luis Obispo | Ca | 93405 |
| *City* | *State* | *Zip Code* |

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Wellpath LLC. at the San Luis Obispo County Jail |
| Job or Title *(if known)* | Jail Health Care Provider |
| Shield Number | |
| Employer | Wellpath LLC. (contracted by the County of San Luis Obispo) |
| Address | 880 Oklahoma Avenue |

| | | |
|---|---|---|
| San Luis Obispo | Ca | 93405 |
| *City* | *State* | *Zip Code* |

[✓] Individual capacity   [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Doctor Kushdi Cader |
| Job or Title *(if known)* | Jail Lead Physician |
| Shield Number | |
| Employer | Wellpath LLC. |
| Address | 880 Oklahoma Avenue |

| San Luis Obispo | Ca | 93405 |
|---|---|---|
| *City* | *State* | *Zip Code* |

[✓] Individual capacity   [✓] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Doctor Christine Mulkerin |
| Job or Title *(if known)* | Chief Medical Officer |
| Shield Number | |
| Employer | County of San Luis Obispo |
| Address | 1055 Monterey Street |

| San Luis Obispo | Ca | 93408 |
|---|---|---|
| *City* | *State* | *Zip Code* |

[✓] Individual capacity   [✓] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

REFER TO PG. 5

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.       The Parties to This Complaint

### A.       The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kellen John Clarke |
| All other names by which you have been known: | |
| ID Number | BS1620 |
| Current Institution | Released on Parole |
| Address | 5401 Capistrano Avenue |

| Atascadero | Ca | 93422 |
|---|---|---|
| *City* | *State* | *Zip Code* |

### B.       The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 5

| | |
|---|---|
| Name | Robert B. Reyes |
| Job or Title *(if known)* | San Luis Obispo County Chief Probation Officer |
| Shield Number | |
| Employer | San Luis Obispo Probation Department |
| Address | 1730 Bishop Street |

| San Luis Obispo | Ca | 93401 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 6

| | |
|---|---|
| Name | Jennifer Frame |
| Job or Title *(if known)* | Deputy Probation Officer |
| Shield Number | |
| Employer | San Luis Obispo Probation Department |
| Address | 1730 Bishop Street |

| San Luis Obispo | Ca | 93401 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 7

| | |
|---|---|
| Name | Jeremiah Malzhan |
| Job or Title *(if known)* | Chief Deputy Probation Officer |
| Shield Number | |
| Employer | San Luis Obispo Probation Department |
| Address | 1730 Bishop Street |
| | San Luis Obispo       Ca       93401 |
| | *City*          *State*       *Zip Code* |

[✓] Individual capacity    [✓] Official capacity

Defendant No. 8

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*          *State*       *Zip Code* |

[ ] Individual capacity    [ ] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of 28th Amendment (right to health care), Violation of 8th Amendment (cruel and unusual punishment), Violation of the American Disabilities Act. Violation of 1st Amendment (discrimination), Violation of 14th Amendment (due process of law), Violation of 8th Amendment (medical malpractice, practicing medicine without a license).

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Please refer to attachments 1 & 2.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.
Reference for these events pertain to the San Luis Obispo Probation Department: 3/29/2022. Superior Court of San Luis Obispo (fraudulent probation report). 1/12/2023. San Luis Obispo Probation Department (fraudulent complaint analysis).

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.
Reference of these events pertain to the San Luis Obispo County Jail Medical Department and Correctional Facility: 12/16/2021 to 05/05/2022. San Luis Obispo County Jail.

## Attachment 1

Defendants Sheriff Ian Parkinson, Wellpath LLC., Lead Jail Physician Doctor Kushdi Cader, and Chief Medical Officer Christine Mulkerin refused to insure and/or provide health care to the plaintiff in a correctional setting whom suffers from Glioma (malignant brain tumor) and, at the time, was aware of the plaintiff's condition proven by his jail medical records. The plaintiff had been classified as an ADA Recipient and had been denied all ADA Accommodations despite his verbal requests. The plaintiff had repeatedly requested "over the counter" pain relievers for his consistent headaches due to his condition and was repeatedly denied them or was provided with partial doses insufficient for appropriate pain relief. Additionally, the jail medical staff had fraudulently "labeled" the plaintiff as mentally ill despite any prior diagnosis and was housed (administrative segregation) in a section of the jail for mentally ill inmates. Lastly, a fraudulent Covid 19 Test Evaluation was submitted to the California Department of Corrections and Rehabilitation prior to the plaintiff's admission to state authorities. No such evaluation had been conducted.

## Attachment 2

Deputy Probation Officer Jennifer Frame filed a fraudulent discriminatory pre-sentence probation report that directly contradicted the arresting officer's police report. Additionally, she claimed that the plaintiff refused to address his "mental health issues". The plaintiff has never been diagnosed with "mental health issues" and was actually given a "clean" bill of mental health by the California Department of Corrections and Rehabilitation. She had also falsely claimed that the plaintiff had waived his legal right to a restitution hearing. The plaintiff had not waived his right.

Deputy Chief Probation Officer Jeremiah Malzhan had received a complaint pertaining to Deputy Probation Officer Jennifer Frame and provided the plaintiff with a fraudulent analysis of Deputy Probation Officer Jennifer Frame's actions.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

3/29/2022. Superior Court of San Luis Obispo (fraudulent probation report). 1/12/2023. San Luis Obispo Probation Department (fraudulent complaint analysis).
12/16/2021 to 05/05/2022. San Luis Obispo County Jail.

D.   What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

Plaintiff suffered from continuous headaches due to his diagnosed condition of Glioma and had been denied requested pain relievers or provided inadequate dosages. Plaintiff had requested treatment for his Glioma and his requests had been repeatedly ignored by the Jail Lead Physician, Chief Medical Officer and other jail medical staff.
During the plaintiff's sentencing hearing a fraudulent pre-sentence probation report was presented to the courts for sentencing purposes. The report fraudulently discriminated the plaintiff's actions and had labeled him as possessing "mental health issues" before the sentencing court. A complaint which was filed with the county was returned to the plaintiff which provided a fraudulent analysis of the events that had taken place concerning the probation department's behavior.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Prolonged mental and physical pain, anguish, substantial emotional distress, torment, terror, alarm, annoyance, harassment, mental and emotional degradation (loss of self worth)

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

For the court to schedule and conduct a civil jury trial and allow the jury to decide upon the appropriate damages along with an injunctive order implementing the Clarke Remedial Disciplinary Matrix Plan.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

San Luis Obispo County Jail

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?
Medical Deprivation and ADA

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

San Luis Obispo County Jail

2.   What did you claim in your grievance?

Medical Deprivation and ADA Deprivation

3.   What was the result, if any?

The Chief Medical Officer along with staff denied the plaintiff's allegations in writing.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The plaintiff was transported to state authorities before he was able to appeal.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

     1.   If there are any reasons why you did not file a grievance, state them here:

     2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

[✓] Yes

[ ] No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.
Not available.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| | |
|---|---|
| Date of signing: | 01/30/2023 |
| Signature of Plaintiff | |
| Printed Name of Plaintiff | Kellen J Clarke |
| Prison Identification # | BS1620 |
| Prison Address | (Released to Parole) |
| | Atascadero |

| City | State | Zip Code |
|---|---|---|
| | Ca | 93422 |

### B.    For Attorneys

| | |
|---|---|
| Date of signing: | |
| Signature of Attorney | |
| Printed Name of Attorney | Pro Se |
| Bar Number | |
| Name of Law Firm | |
| Address | |

| City | State | Zip Code |
|---|---|---|

| | |
|---|---|
| Telephone Number | |
| E-mail Address | |

CLARKE, KELLEN JOHN
1/5/1963

BS1620
10000003912000596BS1620

* Auth (Verified) *

5/4/22, 9:23 PM                    CorEMR - Clarke, Kellen John :: Summary | v5.5.0



**Kellen John Clarke**

**#A00719184**

ADA/Special Needs, Chronic Care, Mental Health Patient

Sex: Male
DOB: 01/05/1963 (Age 59)
Height: 6ft 0in
Weight: 148 lbs
BMI: 17.9
MNID: MNID: D000103677 Agency: County
Location: 2 WH 07 B
Inmate ID:: 401395
Allergies:
pcn

Summary

## Highlighted Chart Notes

| | |
|---|---|
| NEGATIVE COVID RESULTS 04/26/2021 | 04/27/2021 |
| 2020 03-22 Negative COVID | 03/24/2021 |
| REFUSED PPD X3 | 03/15/2021 |
| Negative COVID and Flu SVER 3/9/2021 | 03/10/2021 |

## Current Problems

| | Problem | Onset Date | Open Date |
|---|---|---|---|
| 1 | R90 Abnormal findings on diagnostic imaging of central nervous system (Chronic) | N/A | 03/11/2021 |
| 2 | Z87.820 Personal history of traumatic brain injury (Chronic) | N/A | 03/11/2021 |
| 3 | D17 Benign lipomatous neoplasm | N/A | 07/07/2020 |
| 4 | C71.9 Malignant neoplasm of brain, unspecified (Chronic) | N/A | 03/19/2020 |
| 5 | H66.93 Otitis media, unspecified, bilateral Moderate | 03/15/2020 | 03/15/2020 |
| 6 | T16.9 Foreign body in ear, unspecified ear Moderate | 03/15/2020 | 03/15/2020 |
| 7 | MTO: Diet/Medical: Dental Soft/Mechanical Soft | 03/15/2020 | 03/15/2020 |

## Tasks

| | | |
|---|---|---|
| Overdue Task: | 1 | View |
| Today's Tasks: | 2 | View |
| Upcoming Tasks: | 2 | View |

## Intake Forms

| Form | Date Saved | |
|---|---|---|
| Abbreviated Receiving Screen | - | Begin |
| Authorization and Consent to Medical Examination and/or Treatment - CMG | - | Begin |
| Authorization for Use or Disclosure of Protected Health Information | - | Begin |
| Authorization for Use or Disclosure of Protected Health Information - Spanish | - | Begin |
| Coronavirus Supplemental Screening | 12/17/2021 0103 | View |
| Coronavirus Supplemental Screening | 12/17/2021 0136 | View |
| Coronavirus Supplemental Screening | 12/17/2021 0153 | View |
| Correctional Institution Request for Records for Provision of Health Care | - | Begin |
| County Brief Jail Mental Health Screen | 12/17/2021 0105 | View |
| County Brief Jail Mental Health Screen | 12/17/2021 0137 | View |
| County Brief Jail Mental Health Screen | 12/17/2021 0156 | View |

WSP

PRE-SCREENING FORM
FOR INMATES BEING TRANSFERRED TO
WASCO STATE PRISON − RECEPTION CENTER

San Luis Obispo County Sheriff's Department

5/5/22

*(Date)*

*The following information is requested in order to assist the staff at Wasco State Prison − Reception Center in initial housing and security screening for the below named inmate. Your observations and experience(s) with this prisoner are extremely valuable to us in the decision making process. Please review and fill-out the below.*

Inmate's Name: Clarke, Kellen          AKA: _____

1. Was the inmate in specialized housing? (Check all that apply.)
   ☐ Management Cell       ☒ Administrative Segregation       ☐ Protective Custody
   ☒ Single Cell           ☒ Other  2 officer Move

2. Was the inmate on suicide watch/observation and/or did he attempt suicide while in your custody?
   ☐ Yes   No ☒
   (If yes, briefly explain) _____

3. Did the inmate attack any other inmate while in your custody?           ☐ Yes   ☒ No
   (If yes, briefly explain) _____

4. Is/Was the inmate taking any psych medication at your facility?          ☐ Yes   ☐ No
   (If yes, briefly explain)  Unknown - Refer to attached medical information

5. Is there a known history of assault on staff?                 ☒ Yes   ☐ No
   (If yes, briefly explain)  Has tried to kick staff in the past

6. Did the inmate engage in mutual combat?      ☐ Yes   ☒ No   How many times? _____
   (If yes, briefly explain) _____

7. Does the inmate have any known enemies?       ☐ Yes   No ☒
   (Who?) _____

8. Is there any other information you believe we should be aware of?
   Manipulative / Threatening _____

Your assistance with this matter is greatly appreciated.

J. N. Katavich
Warden / Wasco State Prison − Reception Center

San Luis Obispo County Sheriff's Department

Inmate Photo Print

| PIN | Booking # | Name | DOB | R/ | Heil | Wei | Booking Date | Release Date |
|---|---|---|---|---|---|---|---|---|
| 401395 | A00719184 | CLARKE, KELLEN | 01/05/63 | V N | 600 | 148 | 12/16/2021 23:43 | |



CLARKE, KELLEN JOHN
1/5/1963

BS1620
1000003912000596BS1620

* Auth (Verified) *

5/4/22, 9:24 PM

CorEMR - Clarke, Kellen John :: Medication | v5.5.0



**Kellen John Clarke**

**#A00719184**

ADA/Special Needs, Chronic Care, Mental Health Patient

Sex: Male
DOB: 01/05/1963 (Age 59)
Height: 6ft 0in
Weight: 148 lbs
BMI: 17.9
MNID: MNID: D000103677 Agency: County
Location: 2 WH 07 B
Inmate ID:: 401395
Allergies:
pcn

Medication
Medications

# Inactive Medication

| Medication | Start Date | End Date | Clinician | Status | Dist |
|---|---|---|---|---|---|
| ACETAMINOPHEN 325MG 2 TAB [BY MOUTH] BY MOUTH TWICE DAILY *MAX DOSE 9 TABS OR 3GM/DAY* RX: 27380812 NDC: 51645070310 | 07/27/2020 | 08/25/2020 | NP Melissa Sparshott | ✔Approved 07/28/2020 0130 Discontinued | Sched |
| ACETAMINOPHEN 325MG 2 TAB BY MOUTH TWICE DAILY ; TAKE 2 TABLETS = 650MG MG AS NEEDED HEADACHE *MAX DOSE 9 TABS OR 3GM/DAY* RX: 28361371 NDC: 51645070310 | 06/24/2020 | 06/30/2020 | MD Steven Gustaveson | ✕Denied 07/02/2020 0913 Discontinued | Sched |
| ACETAMINOPHEN (TYLENOL) 500MG 2 TAB [PO] By Mouth Stat NDC: 51645070610 | 03/15/2020 | 03/15/2020 | NP Mariko Rushing | ✔Approved 03/15/2020 1808 Stat | Sched |
| ACETAMINOPHEN 325MG 2 TAB [BY MOUTH] BY MOUTH TWICE DAILY AS NEEDED *MAX DOSE 9 TABS OR 3GM/DAY* RX: 27278480 NDC: 51645070310 | 03/15/2020 | 03/21/2020 | NP Mariko Rushing | ✔Approved 03/15/2020 1750 Discontinued | PRN |
| ACETAMINOPHEN (TYLENOL) 325MG 2 TAB [PO] By Mouth Stat ; 650 mg NDC: 51645070310 | 02/28/2020 | 02/28/2020 | MD Rodolfo Castillo-Ruiz | ✔Approved 08/20/2020 0745 Stat | Sched |
| CLOTRIMAZOLE 1% 28 GM CREAM [TP] TOPICALLY TWICE DAILY RX: 27008844 NDC: 45802043411 | 02/22/2020 | 03/22/2020 | MD Rodolfo Castillo-Ruiz | ✔Approved 08/20/2020 0745 Discontinued | Sched |
| DOXYCYCLINE MONOHYDRATE 100MG 1 TAB [BY MOUTH] BY MOUTH TWICE DAILY ; TAKE WITH PLENTY OF WATER RX: 27278365 NDC: 00527133850 | 03/16/2020 | 03/22/2020 | NP Mariko Rushing | ✔Approved 03/15/2020 1815 Discontinued | Sched |
| DOXYCYCLINE MONOHYDRATE 100MG 1 TAB [PO] By Mouth Stat NDC: 00527133850 | 03/15/2020 | 03/15/2020 | NP Mariko Rushing | ✔Approved 03/15/2020 1749 Stat | Sched |
| HYDROCORTISONE 1% 30GM APPLY TWICE DAILY **EXTERNAL USE ONLY*** RX: 27008843 NDC: 00472034356 | 02/22/2020 | 03/22/2020 | MD Rodolfo Castillo-Ruiz | ✔Approved 02/22/2020 0933 Discontinued | Sched |
| IBUPROFEN (MOTRIN) 200MG 2 TAB By Mouth BID PRN RX: 34404691 NDC: 00904674740 | 01/27/2022 | 01/31/2022 | MD Rushdi Cader | ✔Approved 03/13/2022 1049 Discontinued | PRN |
| IBUPROFEN (MOTRIN) 400MG 2 TAB By Mouth BID PRN ; Take after eating RX: 31522577 NDC: 67877031905 | 04/29/2021 | 05/09/2021 | MD Rushdi Cader | ✕Denied 04/29/2017 1739 Discontinued | PRN |
| IBUPROFEN 400MG 1 TAB BY MOUTH TWICE DAILY AS NEEDED ; TAKE WITH FOOD RX: 31522594 NDC: 67877031905 | 04/29/2021 | 05/01/2021 | MD Rushdi Cader | ✕Denied 05/04/2021 0711 Discontinued | PRN |

WSP

CLARKE, KELLEN JOHN
1/5/1963

BS1620
10000003912000596BS1620

\* Auth (Verified) \*

5/4/22, 9:24 PM                    CorEMR - Clarke, Kellen John :: Chart Notes | v5.5.0



**Kellen John Clarke**

**#A00719184**

ADA/Special Needs, Chronic Care, Mental Health Patient

Sex: Male
DOB: 01/05/1963 (Age 59)
Height: 6ft 0in
Weight: 148 lbs
BMI: 17.9
MNID: MNID: D000103677 Agency: County
Location: 2 WH 07 B
Inmate ID:: 401395
Allergies:
pcn

Chart Notes
# Chart Notes

| Type / Access | Date / Author / Note | Related Problems |
|---|---|---|
| Type: Medical Note<br>Access: Medical Staff | Date: 04/27/2021 13:16    Author: Records Schmidt, Abigail<br>NEGATIVE COVID RESULTS 04/26/2021 | Related Problems    *NO EXAMINATION* |
| Type: Medical Note<br>Access: Medical Staff | Date: 03/24/2021 09:00    Author: MRC Belga, Corrina<br>2020 03-22<br>Negative COVID | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 03/15/2021 12:03    Author: RN Hudson, Haley<br>REFUSED PPD X3 | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 03/10/2021 05:02    Author: RN O'Brien, Breanna<br>Negative COVID and Flu SVER 3/9/2021 | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 10/25/2020 02:19    Author: RN Lowry, Ernest<br>Neg Covid results scanned | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 10/23/2020 16:10    Author: RN Silver, Lois<br>COVID testing performed 10/23/2020 | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 09/09/2020 14:18    Author: CMO Herr, Ray<br>I stopped by patient's cell and pt refused to be seen or to discuss getting MRI for f/u of glioma.<br>I was accompanied by custody officer, Ckark. | Related Problems<br>C71.9 Malignant neoplasm of brain, unspecified *Chronic* |
| Type: Medical Note<br>Access: Medical Staff | Date: 09/04/2020 06:16    Author: RN Lowry, Ernest<br>MTO extra portions and boost | Related Problems |
| Type: Medical Note<br>Access: All Staff | Date: 08/26/2020 11:16    Author: DON Kramer, Barbara<br>EXERCISE CAUTION WITH I/P. THREATENING STAFF WITH PHYSICAL HARM. FULL RESTRAINT / RED & WHITES | Related Problems |
| Type: Misc. Note<br>Access: All Staff | Date: 07/22/2020 21:35    Author: System, CorEMR<br>Comments from LabCorp lab integration:<br><br>Test(s) 164057-SARS-CoV-2 Antibody, IgG<br>has not been FDA cleared or approved. This test has been authorized by FDA under an Emergency Use Authorization (EUA). This test is only authorized for the duration of the declaration that circumstances exist justifying the authorization of emergency use of in vitro diagnostics for detection and/or diagnosis of COVID-19 under Section 564(b)(1) of the Act, 21 U.S.C. 360bbb-3(b)(1), unless the authorization is terminated or revoked sooner. This test has been authorized only for detecting the presence of antibodies against SARS-CoV-2, not for any other viruses or pathogens. | Related Problems |
| Type: Medical Note<br>Access: Medical Staff | Date: 06/26/2020 10:50    Author: RN Cronkright, Rosemary<br>NCOVID NOT DETECTED | Related Problems |
|  | Date: 06/25/2020 13:17    Author: RN Silver, Lois | Related Problems |

WSP

CEN - Centinela State Prison

Patient:     **CLARKE, KELLEN JOHN**
DOB/Age/Sex: 1/5/1963   / 59 years   / Male          CDCR: BS1620

---

### *Mental Health Documentation*

Document Type:                     MHPC Consult Routine Progress Note
Document Subject:                  MH PC Note
Service Date/Time:                 7/25/2022 15:40 PDT
Result Status:                     Auth (Verified)
Perform Information:               Anani,Pamela Psychologist (7/25/2022 16:03 PDT)
Sign Information:                  Briceno,Rigoverto Psychologist (7/26/2022 08:42 PDT); Anani,
                                   Pamela Psychologist (7/25/2022 16:03 PDT)
Authentication Information:        Anani,Pamela Psychologist (7/25/2022 16:03 PDT)

**Inmate's Program and Level of Care**                      **Endorsed Suicide Documentation**
IP is SNY/GP LOC as level II with 30 pts. IP is currently housed in D yard. IP was seen in   IP denies SI/HI, intent or plan at time of
the mental health office located in D clinic. The space is confidential. IP was notified that   interview.
treating clinician is unlicensed and working under supervision of supervising clinician.
Clinician verbally informed IP of limits of confidentiality.

**New Issues/Complaints**
IP is a new arrival.

**Current Status of Illness**
IP reported that he was feeling "good". IP reported that he is stable and doesn't have any
issues at the moment. Clinician assessed for symptoms such as anxiety, depressed mood,
impaired sleep, AH/VH, and ADLs. IP reported "I never had mental health before not sure
why it keeps coming up on my chart". Clinician provided psychoeducation regarding
requesting his medical record. IP reports no anxiety or depression. Clinician provided
psychoeducation regarding anxiety. Clinician assessed for SI/HI. IP denied SI/HI. Clinician
provided more psychoeducation about mental health referral process and how to request
help. IP does not meet inclusionary criteria at this time. There is no need for a follow up. IP
will self-refer as necessary. Crisis plan: IP will approach custody or place a 7362 is he feels
SI/HI, depressive symptoms increasing or other mental health issues in the future.

**Collateral**
Clinician reviewed SOMS, EHRS and Patient placement history in preparation for this
contact.

**Mental Status**
Appearance: neatly dressed, clean, free from odor
Attitude: cooperative
Activity: within normal range
Mood: euthymic
Affect: full
Speech: within normal range
Language: within normal range
Attention and Concentration: within normal range
Thought Process: normal
Thought Content: No SI/HI,
Perception: IP does not appear to be responding to internal stimuli during session.
Cognition: Oriented x4,

---

Report Request ID:    60066493                          Print Date/Time:   9/15/2022 09:43 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

CLARKE, KELLEN JOHN
1/5/1963

BS1620
10000003912000596BS1620

* Auth (Verified) *

5/4/22, 9:32 PM          CorEMR - Kellen John Clarke #A00719184 :: Confidential Transfer of Medical Information - CMGC, Location: 2 WH 07 B, Interview...

## Confidential Transfer of Medical Information - CMGC

| | |
|---|---|
| Inmate ID:: | 401395 |
| DOB: | 01/05/1963 |
| Location: | 2 WH 07 B |
| Interviewer: | RN Cabral, Curt |

**Kellen John Clarke**
**#A00719184**

BS1620

Confidential Transfer of Medical Information

| | |
|---|---|
| Facility: | SLO CJ |
| | ☑ **Needs immediate attention** |
| | ☐ No medical treatment given prior to transfer |
| AKA | |
| Allergies | ☐ NKDA    P C N |
| | ☑ List: |
| Medical/Mental Health Problems | see attached Medical Summary |
| Medications: (Include dose, route, frequency, start date, and stop date) | see attached Medication Profile |
| Treatments: (Include dose, route, frequency, start date, and stop date) | none noted |
| Pending Appointments | none |
| **TB** | |
| Skin Test (Date in notes) | ○ Negative    Refused x 3 |
| | ○ Positive |
| Chest X-Ray (Date in notes) | ○ Negative |
| | ○ Positive |
| **Pregnancy** | |
| Pregnant | ○ Yes |
| | ◉ No |
| | ○ Unknown |
| **Tests** | |
| RPR | ○ Negative |
| | ○ Positive (not treated) |
| | ○ Positive (treated, include date) |
| | ◉ Not tested |
| VDRL | ○ Negative |
| | ○ Positive (not treated) |
| | ○ Positive (treated, include date) |
| | Not tested |

https://ca-sanluisobispo-ehr.wellpath.us/Modules/Forms/form_record.php?form_id=2061&pid=814&booking_no=A00719184&action=new          1/2

WSP

SAN LUIS OBISPO

# CASE SUMMARY
## CASE NO. 21F-08938

|  |  |
|---|---|
|  | *03/15/22 at 9:00 AM.* |
| 03/14/2022 | Outside the presence of the jury, the Court and counsel |
|  | *discuss the sidebar taken, the Supervision Violation Hearing in case 21PT-00870 to be heard contemporaneously with the Jury Trial in this matter, the Defendant's medical request, the Defendant's grooming request, and another issue in case 21PT-00870, as stated on the record.* |
| 03/14/2022 | Defendant to be seen by medical/mental health staff at the |
|  | *jail this evening regarding aspirin.* |
| 03/14/2022 | The Court |
|  | *orders the Defendant be allowed to shave daily for the duration of the Jury Trial.* |
| 03/14/2022 | Defendant ordered to be personally present. |
| 03/14/2022 | Remanded, bail to remain as previously set. |
| 03/14/2022 | The Court adjourns for the day at |
|  | *4:13 PM.* |
| 03/14/2022 | Remand/Reservation form. |
| 03/14/2022 | **Disposition** (Judicial Officer: Judge van Rooyen, Craig B.) |
| 03/15/2022 | **Jury Trial** (9:00 AM) (Judicial Officer: Judge van Rooyen, Craig B. ;Location: San Luis Obispo Department 5) |
|  | Resource: Court Reporter Mechem, Donna |
|  | Resource: Courtroom Clerk Herda, Lupe |
|  | Resource: Hearing Location  San Luis Obispo Department 5 |
|  | *Day 2* |
|  | **MINUTES** |
|  | Exhibit(s) |
|  | Party:  Appointed Attorney  Radding, Jeffry C. |
|  | *A, B, C, D, E, G, H, I, J, K, L, and M are marked for identification off the record. (There is no Exhibit F.)* |
|  | Exhibit(s) |
|  | Party:  Prosecuting Attorney  Hunter , Scott |
|  | *01, 02, 03, 03-A, 04, 05, 06, 07, and 08 are marked for identification off the record.* |
|  | Defendant in custody. |
|  | Defendant appearing with counsel. |
|  | The jury is not present. |
|  | The Court distributes current jury instructions to counsel |
|  | *for their review.* |
|  | Outside the presence of the jury, the Court and counsel |
|  | *discuss various issues, as stated on the record.* |
|  | The People designate |
|  | *Deputy Scott Bell as Investigating Officer.* |
|  | The Court hears argument. |
|  | *Regarding the Defendant's gas tank.* |
|  | Oral motion |
|  | *for the Court to order that no counsel or witness shall mention any reference to the level of gas in the Defendant's gas tank by the People is Denied, as stated on the record.* |
|  | Trial Minutes: |
|  | *Juror #11 (#2240433) is brought into the courtroom and explains an emergency situation that has arisen. Juror #11 is thanked and excused.* |
|  | The Court takes a recess at |
|  | *9:25 AM since not all jurors are present, due to a freeway traffic jam.* |
|  | Additional Party/Parties Present: |
|  | *Investigating Officer, Deputy Bell, who is seated at counsel table.* |
|  | The Court, counsel, parties and the jury are present and |
|  | *trial commences this date at 9:42 AM* |
|  | Juror |
|  | *#11 (#2240433) was excused and replaced by alternate juror #1 (#2239588). Alternate juror ##1 (#2239588) is sworn to well and truly try the cause pending before this Court at 9:43 AM.* |
|  | The Court makes introductory remarks and reads |
|  | *certain instructions to the jury.* |
|  | Opening statement is presented to the jury |

*Printed on 07/28/2022 at 10:53 AM*

SAN LUIS OBISPO

# CASE SUMMARY

## CASE NO. 21F-08938

> *1. 2239588*
> *2. 2261362*
>
> *The remaining prospective jurors are thanked and excused from further attendance upon*
> *the Court and cause at 4:04 PM*

The jury is admonished and trial is adjourned until
> *03/15/22 at 9:00 AM.*

Outside the presence of the jury, the Court and counsel
> *discuss the sidebar taken, the Supervision Violation Hearing in case 21PT-00870 to be*
> *heard contemporaneously with the Jury Trial in this matter, the Defendant's medical*
> *request, the Defendant's grooming request, and another issue in case 21PT-00870, as*
> *stated on the record.*

Defendant to be seen by medical/mental health staff at the
> *jail this evening regarding aspirin.*

The Court
> *orders the Defendant be allowed to shave daily for the duration of the Jury Trial.*

Defendant ordered to be personally present.
Remanded, bail to remain as previously set.
The Court adjourns for the day at
> *4:13 PM.*

Held;
*Held*
Parties Present:  *Plaintiff*              *People Of The State Of California*
                  *Defendant*             *Clarke, Kellen John*
                  *Appointed Attorney*    *Radding, Jeffry C.*
                  *Prosecuting Attorney*  *Hunter , Scott*

**SCHEDULED HEARINGS**

**Jury Trial** (03/15/2022 at 9:00 AM)  (Judicial Officer: Judge van Rooyen, Craig
B. ;Location: San Luis Obispo Department 5)
Resource: Court Reporter Mechem, Donna
Resource: Courtroom Clerk Herda, Lupe
Resource: Hearing Location San Luis Obispo Department 5
>    *Day 2*
>    *Held*
>    Parties Present:  *Plaintiff*              *People Of The State Of California*
>                      *Defendant*             *Clarke, Kellen John*
>                      *Appointed Attorney*    *Radding, Jeffry C.*
>                      *Prosecuting Attorney*  *Hunter , Scott*

| | |
|---|---|
| 03/14/2022 | Motion In Limine Filed<br>*Defense* |
| 03/14/2022 | Motion In Limine Filed<br>*The People* |
| 03/14/2022 | Trial Brief Filed<br>Party:  Prosecuting Attorney  Hunter , Scott |
| 03/14/2022 | Defendant in custody. |
| 03/14/2022 | Defendant appearing with counsel. |
| 03/14/2022 | Additional Party/Parties Present:<br>*Correctional Seargeant Albert Ybarra.* |
| 03/14/2022 | The Court has read and considered<br>*multiple jail incident reports provided by Correctional Sgt. Ybarra.* |
| 03/14/2022 | The Court hears argument.<br>*From Correctional Sergeant Ybarra regarding requested leg restraints.* |
| 03/14/2022 | Oral motion<br>*for Leg Restraints by Correctional Sgt. Ybarra is Granted, over the objection of the Defense,*<br>*as stated on the record.* |
| 03/14/2022 | The Court has read and considered<br>*moving papers/responses.* |

SAN LUIS OBISPO
# CASE SUMMARY
## CASE NO. 21F-08938

| | |
|---|---|
| 01/18/2022 | Matter continued at request of<br>*parties* |
| 01/18/2022 | Time is not waived. |
| 01/18/2022 | Remanded, bail to remain as previously set. |
| 01/18/2022 | Defendant ordered to be personally present. |
| 01/18/2022 | 🖼 Remand/Reservation form. |
| 01/20/2022 | **Superior Court Arraignment** (8:30 AM) (Judicial Officer: Judge Covello, Timothy S. ;Location: San Luis Obispo Department 7) |

Resource: Court Reporter  Heidick, Natalie
Resource: Courtroom Clerk  Constantine, Sarah
Resource: Hearing Location  San Luis Obispo Department 7

**MINUTES**
Defendant in custody.
Defendant appearing with counsel.
Defendant arraigned on information, advised of rights,
   *charges against him/her.*
Defense counsel receives a copy of
   *Information and Preliminary Hearing Transcript. Information reading is waived.*
Time is not waived.
The Court is informed by the
   *Defendant, that he has concerns regarding medical treatment at the Jail.*
The Court
   *orders the Defendant to be seen by Jail Medical Staff.*
Remanded, bail to remain as previously set.
Next appearance may be via Zoom.
**Plea** (Judicial Officer: Judge Covello, Timothy S.)
   001. PC422(A)-F-Threatens To Commit A Crime Of Violence
      Not Guilty
         Charge #: 001  Allegation:

Arraignment Held
Held;
*Held*
*Parties Present:  Plaintiff*                  *People Of The State Of California*
               *Defendant*                *Clarke, Kellen John*
               *Appointed Attorney*        *Radding, Jeffry C.*
               *Prosecuting Attorney*      *Hunter , Scott*

**SCHEDULED HEARINGS**
*CANCELED*  **Jury Trial** (03/08/2022 at 1:30 PM) (Judicial Officer: Judge Covello, Timothy S. ;Location: San Luis Obispo Department 7)
   *Vacated at Request of Judicial Officer*
   *TE: 1 week (full days)*
*CANCELED*  **Motions in Limine** (03/08/2022 at 8:30 AM) (Judicial Officer: Judge Covello, Timothy S. ;Location: San Luis Obispo Department 7)
   *Vacated at Request of Judicial Officer*
**Readiness Conference** (03/03/2022 at 8:30 AM) (Judicial Officer: Judge Marino, Jesse J. ;Location: San Luis Obispo Department 10)
Resource: Court Reporter  Heidick, Natalie
Resource: Courtroom Clerk  Ramirez, Karina
Resource: Hearing Location  San Luis Obispo Department 10
   *DOPP*
   *Held*
   *Parties Present:  Plaintiff*                  *People Of The State Of California*
               *Appointed Attorney*        *Radding, Jeffry C.*
               *Prosecuting Attorney*      *Hunter , Scott*
**Readiness Conference** (02/25/2022 at 8:30 AM) (Judicial Officer: Assigned Judge LaBarbera, Barry T. ;Location: San Luis Obispo Department 8)
Resource: Court Reporter  Heidick, Natalie
Resource: Courtroom Clerk  Constantine, Sarah

*Printed on 07/28/2022 at 10:53 AM*

SAN LUIS OBISPO

# CASE SUMMARY
## CASE NO. 21F-08938

|  |  |
|---|---|
|  | *relieved.* |
| 12/21/2021 | The Court appoints counsel subject to reimbursement as *determined by Probation.* |
| 12/21/2021 | Defendant appearing with Counsel via Zoom |
| 12/21/2021 | Reading Waived. Reading of *Amended Complaint is waived.* |
| 12/21/2021 | Arraignment Held |
| 12/21/2021 | Matter is assigned for all purposes to (Judicial Officer: Judge Covello, Timothy S. ) *Judge Covello, Timothy S.* |
| 12/21/2021 | Time is not waived. |
| 12/21/2021 | Matter referred to Probation for O/R Bail reduction report. |
| 12/21/2021 | The Court *directs the Defendant to stay 50 yards away from Sweet Spring Saloon, 990 Los Osos Valley, Los Osos, CA.* |
| 12/21/2021 | Next appearance may be via Zoom. |
| 12/21/2021 | Probation Notified |
| 12/21/2021 | Remand/Reservation form. |
| 12/21/2021 | Amended Complaint Filed |
| 12/21/2021 | Remanded to the custody of the Sheriff. Bail is set at *$50,000.00.* |
| 12/22/2021 | O/R Bail Report Filed *Next HRG: 12/28/21 - O.R./Bail Reduction Report of Probation Officer* |
| 12/28/2021 | **OR/Bail Reduction Hearing** (8:30 AM) (Judicial Officer: Assigned Judge Diesman, Kathleen ;Location: San Luis Obispo Department 7) |

Resource: Court Reporter  Heidick, Natalie
Resource: Courtroom Clerk  Constantine, Sarah
Resource: Courtroom Clerk  Phillips, Kim
Resource: Hearing Location  San Luis Obispo Department 7
*(D7) People's Request for PC136.2 Order/Pre-Preliminary Hearing*

**MINUTES**
Defendant in custody.
Defendant appearing with Counsel via Zoom
Defendant/Petitioner/Respondent expressly consents to remote
*video proceedings*
Marsden Motion held
The Court has read and considered
*Bail O/R Report*
The Court
*indicates the bail will remain at $50,000.*
Motion
*Bail O/R Motion is denied.*
Bail Review Hearing Held
The Court
*orders the Marsden Motion transcripts to be sealed.*
Defendant to be seen by medical/mental health staff at the
*Jail.*
Hearing is confirmed as previously set.
Remanded, bail to remain as previously set.
Held;
*Held*
Parties Present: Plaintiff                 *People Of The State Of California*
                  Defendant              *Clarke, Kellen John*
                  Appointed Attorney    *Radding, Jeffry C.*
                  Prosecuting Attorney  *Hunter , Scott*

| 12/28/2021 | Defendant in custody. |
|---|---|

CLARKE, KELLEN JOHN
1/5/1963

BS1620
10000003912000596BS1620



* Auth (Verified) *

## CDCR COVID-19 ADMISSION CLEARANCE MEMO

Due to the current Coronavirus (COVID-19) pandemic and to help ensure the health and safety of our patients and staff at CDCR, we are requiring the below questions to be answered for each patient transferring or returning. **This form MUST be returned 2 days prior to the patient's admission or the Friday before when the admission date is a Monday. The patient's transport may be canceled if not received.**

Date: 5/4/22    Patient Name: Clark, Kellen
Sending facility: SLO CJ
Receiving facility: Wesco State Prison
Employee confirming information is accurate: Curt Cabral RN

| | Questions | Yes | No |
|---|---|---|---|
| 1 | Has the patient had a fever above 100.0 degrees in the last 7 days? What is the patient's temperature today? | | X |
| 2 | Does the patient have a cough? | | X |
| 3 | Does the patient have shortness of breath? | | X |
| 4 | Has the patient reported or been observed to have any new, non-specific symptoms such as abdominal pain, vomiting, diarrhea, muscle pain, loss of appetite, fatigue, chills, repeated shaking with chills, headache, and new loss of taste or smell? If yes, describe: | | X |
| 5 | Does the patient have any underlying medical conditions? If, yes list the medical conditions: | | X |
| 6 | Is the patient currently in isolation? If yes, Start Date:          Expected end date: | | X |
| 7 | Is the patient currently on quarantine? If yes, first date of exposure: Expected end date of quarantine: | | X |
| 8 | Has the sending facility had any confirmed cases of COVID-19 in the past 14 days? | X | |
| 9 | Has the patient had exposure to any persons with COVID-19 in the past 14 days? (if yes, please elaborate below) | | X |
| 10 | Has the patient been tested for COVID-19 in the past 14 days? If yes, Date:          Results: | | X |
| 11 | Has the patient started COVID-19 vaccination? If so, which vaccine was given          and on what date was it given | | X |
| 12 | Has the patient completed COVID-19 vaccination? If so, on what date? | | X |

Additional information or comments:

*"Caring Today for a Safe and Healthy Tomorrow"*

WSP

# Clarke Remedial Disciplinary Matrix Plan

## Informative Digest

**This order requests:**

The County of San Luis Obispo to ensure that appropriate and consistent discipline against the employees of the San Luis Obispo County Sheriff's Department and the Probation Department who engage in criminal misconduct against inmates, probationers, staff and members of their families, the public in violation of the Clarke Remedial Disciplinary Matrix Plan (CRDMP) or Americans with Disabilities Act (ADA) are appropriately investigated and, if warranted, referred for prosecution.

**This order mandates:**

The use of body worn cameras (BWC) and audio-video surveillance systems (AVSS) to record staff interactions with incarcerated persons and probationers and requirements for investigating allegations of staff misconduct toward incarcerated persons and probationers.

Organizational changes will need to be implemented immediately regarding the processing of complaints containing staff misconduct allegations toward incarcerated persons and probationers.

**This action will:**

Implement a new employee disciplinary matrix to ensure consistent countywide discipline for employees engaging in misconduct.

Implement an employee disciplinary matrix to be utilized as the basis for staff misconduct allegations to make investigation screening and assignment decisions for administrative and criminal investigations into allegations of staff misconduct.

Implement a separate and independent regulation for citizens' complaints to make it easier for members of the public to file a citizen complaint.

**Specific benefits anticipated:**

The court order will benefit the public, incarcerated persons, probationers, and departments by ensuring that failure by county employees to comply with the law, policies, or employee expectations are consistently and fairly addressed through the employee disciplinary process.

The order will place department employees on notice of performance expectations, the process for assessing allegations and penalties for the imposition of discipline and provide for

consistent application of the department's employee disciplinary process and employee due process.

The order will also enable hiring authorities to make consistent countywide disciplinary decisions using the employee disciplinary matrix, which includes allegations and penalties for serious on-duty and off duty misconduct, stalking and workplace violence

# Clarke Remedial Disciplinary Matrix Plan

**Employee Conduct:**

1. Comply with all laws and regulations
2. Comply with all departmental policies and local applicable operating procedures.
3. Comply with all duty statements or institution post orders as applicable.
4. Adhere to the professional standards applicable to their profession.
5. Be alert, courteous, respectful, and professional in their interactions with inmates, probationers, fellow employees, visitors, their families, and members of the public.
6. Not engage in any behavior or use language, which is sexually explicit, abusive, profane, discriminatory or harassing while on duty. Employees shall not engage in any conduct that discredits an employee or their department.
7. Respect others and treat them equally regardless of race, color, national origin, ancestry, gender, gender identity, gender expression, religion, marital status, age, disability, medical condition, pregnancy, sexual orientation, veteran status, political affiliation or a member of protected class as defined by state or federal law.
8. Report misconduct, unethical or illegal activity, and any complaints or discipline that impacts professional licensure.
9. Cooperate with any inquiry or investigation conducted by, or on behalf, or the department, local, state or federal authorities.
10. Peace officers will comply with the peace officer's code of ethics. Peace officers are held to a higher standard of conduct on and off duty than other public employees.
    (a) Failure to adhere to the above expectations, on or off duty, may result in disciplinary action.

# Employee Disciplinary Terms

1. **Centralized Screening Team** – the entity that reviews documentation to determine if the documentation contains a routine issue, alleges misconduct toward an incarcerated individual, or probationer, or alleges misconduct not involving an incarcerated individual or probationer.
2. **Corrective Action** – a non-punitive action taken by a supervisor to assist an employee to improve work performance, or corrective behavior or conduct.
3. **Designated Case** – an employee discipline case assigned to a vertical advocate.
4. **Employee Disciplinary Matrix** – the department disciplinary matrix utilized to identify misconduct allegations and determine the penalty to be imposed when an allegation of misconduct has been sustained.
5. **Employee Relations Officer** – the department employee responsible for coordinating the administrative process for designated cases and representing the department in non-designated cases during the disciplinary process and at any administrative hearing.
6. **Hiring Authority** – the appointing authority may act as the hiring authority. The hiring authority has the power to hire, initiate the investigation process by submitting a confidential request for internal affairs investigation, discipline, and dismiss staff
7. **Letter of Intent** – written notification to a peace officer/probationary officer, employee that an investigation has been completed, adverse action will be taken, and the proposed penalty.
8. **Manager** – an employee in a managerial classification having significant responsibility for formulating or administering agency or departmental policies and programs or administering agency or department.
9. **Notice of Adverse Action** – a written notice of punitive action to an employee, including the penalty, effective date of the action, causes for discipline, factual allegations of misconduct.
10. **Office of Internal Affairs** – the entity with authority to investigate allegations of misconduct.
11. **Official Personnel File** – a file for a department employee containing records maintained by the department including records relating to the employee's performance or any grievances filed by the employee.
12. **Preponderance of Evidence** – the standard of proof necessary to establish that it is more likely than not that the alleged misconduct occurred.
13. **Qualifying Workday** – an employee's regular scheduled workday, excluding regular days off, sick leave, holidays, vacations, annual leave, or other periods of approved leave.

14. **Confrontation Hearing** – a hearing, normally held prior to the effective date of an adverse action, which provides the employee with an opportunity to respond to the allegations of misconduct set forth in the notice of adverse action.

15. **Closing Letter** – a letter notifying the employee of the hiring authority's final decision regarding the imposition of a disciplinary penalty.

16. **Allegations Package** – all documents and materials relied upon by the hiring authority to impose adverse action.

17. **Legal Advocate** – a departmental attorney who represents the department during the investigation, the employee discipline process, administrative hearings, and appellate proceedings.

18. **Work Week** – any seven consecutive days, starting with the same calendar day each week beginning at any hour on any day, so long as it is fixed and regularly occurring.

## Allegations Inquiry and Investigation Findings

1. Upon receipt and review of an allegation inquiry report, investigation report or approval of direct adverse action, the hiring authority shall render a determination for each allegation for each subject. The findings and their explanation are as follows:

    (a) **No Finding** – the complainant failed to disclose promised information to further the investigation; the investigation revealed that another agency was involved, and the complaint has been referred to that agency; the complainant wishes to withdraw the complaint; the complainant refuses to cooperate with the investigation; the complainant is no longer available for clarification of facts/issues.

    (b) **Not Sustained** – the investigation failed to disclose a preponderance of evidence to prove or disprove the allegations and investigative findings.

    (c) **Unfounded** – The investigation conclusively proved that the act(s) alleged did not occur, or in fact, occurred but the individual employee(s) named in the complaint(s) were not involved.

    (d) **Exonerated** – The facts which provided the basis for the complaint or allegation, did not occur; However, the investigation revealed that the actions were justified, lawful, and proper.

    (e) **Sustained** – The investigation disclosed a preponderance of evidence to prove the allegation(s) made in the complaint.

**Corrective Action:**

    (a) A hiring authority shall only impose corrective action when the hiring authority determines that an employee's behavior or performance is correctable by counseling or training.

    (b) Failure by an employee to comply with corrective action may result in adverse action, based on repeated incidents of misconduct, or the severity of the misconduct.

**Adverse Action:**

    (a) An employee's name that appears on any employment list may receive adverse action based on any of the causes for discipline.

    (b) When taking adverse action, the penalty shall be imposed consistent with the employee disciplinary matrix.

    (c) A hiring authority may only take adverse action after finding that the allegation(s) of misconduct are sustained by a preponderance of evidence.

**Adverse Action Penalties:**

1. **Letter of Reprimand** - A letter of reprimand is the lowest level of adverse action.
2. **Suspension Without Pay** – Suspension without pay is a temporary separation from county service during which the employee does not work and pay is docked for a specified period. A suspension without pay shall be specified in qualifying workdays.
   (1) Suspension without pay shall not run concurrently with any other leave and shall be tolled for any holiday, vacation, furlough, or other leave.
   (2) An employee's service credits, health benefits, and other benefits may be affected depending on the length of suspension without pay.
3. **Demotion** – Demotion may be to any lower class, within the promotional chain, for which the employee is otherwise qualified and eligible at a lower than maximum salary, and at a salary not exceeding the salary the employee received in their prior position.
   (1) Demotion may be permanent or temporary.
   (2) If the demotion is temporary, the employee returns to their prior higher classification following the conclusion of the temporary demotion.
4. **Dismissal** – Dismissal from county service is an appropriate penalty for misconduct that renders the individual unsuitable for continued employment. Dismissal may or may not be preceded by corrective action or prior adverse action.

**Penalty Levels:**

1. Letter of Reprimand.
2. 1–2-day suspension without pay.
3. 3–12-day suspension without pay.
4. 14-24-day suspension without pay.
5. 25-35-day suspension without pay.
6. 36-60-day suspension without pay.
7. 61-90-day suspension without pay.
8. Permanent/Temporary demolition.
9. Dismissal

# Misconduct Categories and Penalty Ranges

1. Intentional failure to report misconduct by another employee.
   **Penalty/5**
2. Intentional failure to report serious misconduct by an employee.
   **Penalty/7**
3. Intimidation, threats or coercion that could interfere with an employee's duty to report misconduct, or an act of retaliation for reporting misconduct.
   **Penalty/9**
4. Any independent act(s) that prevents or interferes with the reporting of misconduct.
   **Penalty/9**
5. Any involvement with a concerted or coordinated effort with other employees to prohibit or impede the reporting of misconduct
   **Penalty/9**
6. Discourtesy towards inmates, probationers, other employees, or the public.
   **Penalty/3**
7. Negligently endangering self, fellow employees, inmates, probationers, or the public.
   **Penalty/3**
8. Intentionally endangering self, fellow employees, inmates, probationers, or the public.
   **Penalty/6**
9. Improperly accessing or unauthorized possession or disclosure of confidential information with the malicious intent or for personal gain.
   **Penalty/5**
10. Disruptive, offensive, or vulgar conduct which discredits the department.
    **Penalty/3**
11. Intimidation, threat or assault without the intent to inflict serious injury toward a department employee, inmate, probationer, or member of the public.
    **Penalty/9**
12. Over-Familiarity with inmates, probationers, or probationer's family members.
    **Penalty/4**
13. Sexual misconduct with an inmate or probationer.
    **Penalty/9**
14. Failure to observe and perform within professional standards, including community standards of care, applicable to a profession, or engaging in

behavior that constitutes professional misconduct under professional standards.
**Penalty/2**

15. Failure to intervene in or attempt to stop misconduct by another employee.
**Penalty/6**

16. Failure to intervene in or attempt to stop misconduct by another employee directed at an incarcerated person or probationer.
**Penalty/8**

17. Making evasive statements, failing to report, or omitting material facts or information to supervisor by non-sworn staff or sworn staff.
**Penalty/9**

18. Making intentional false or misleading statements regarding a material fact or intentionally omitting material facts to a supervisor, or during inquiry or investigation by internal affairs, or by any local, state, or federal entity, federal or state licensing agency, or professional peer review agency.
**Penalty/9**

19. False testimony under oath.
**Penalty/9**

20. Falsification of material facts in reports or official records.
**Penalty/9**

21. Entering false or intentionally misleading information in a dental, medical, mental health, or health care record.
**Penalty/9**

22. Falsification by an employee of a medical note or record obtained from a dental, medical, mental health or health care provider.
**Penalty/9**

23. Altering or destroying dental, medical or mental health care records in violation of departmental policies or state or federal law.
**Penalty/9**

24. Falsification, alteration, planting, or destruction of evidence, departmental records, documents, or communications.
**Penalty/9**

25. Failure to comply with an admonishment or other lawful instructions by the office of internal affairs during an investigation and by a supervisor or other high ranking official.
**Penalty/7**



Kellen J Clarke
5401 Capistrano Avenue
Atascadero, California 93422

7022 3330 0001 7588 3798

U.S. POSTAGE PAID
ATASCADERO, CA
93422
JAN 30, 23
AMOUNT
**$7.09**
R2304E105485-99

United States District Court
255 Temple Street
Los Angeles, California
90012