UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | April 4, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**     ORDER RE: CIVIL COMPLAINT AND CASE STATUS

    1.    This is a civil rights action involving a former pretrial detainee in a San Luis Obispo County jail facility. He wishes to sue various members of the jail staff and other county officials for medical-related issues. (Docket # 1.) Plaintiff is informed that the Court received his payment of $402 in filing fees.[1] (Docket # 5, 6.)

* * *

    2.    Plaintiff filed a two-sentence request that Judge Wilner be removed from the action and that no other magistrate judge be assigned. (Docket # 4.) The request is not accompanied by any legal argument, explanation, or evidence.

    3.    The request is denied without prejudice. General Order 05-07 of this Court (enacted in November 2005) states that pro se cases under Section 1983 "shall be referred to the full-time magistrate judges" of the Court for pretrial purposes. Further, the General Order states that "all subsequent [ ] pro se civil rights [ ] cases [ ] filed by that same party shall be directly assigned to the most recently assigned Magistrate Judge."

    4.    To that end, the Clerk of Court assigned District Judge Wright and Magistrate Judge Wilner – the judges who handled Mr. Clarke's previous civil cases in this district – to the current matter. (Docket # 3.) In the absence of any reasoned motion, there is no basis for reassigning the matter to other judges.

---

    [1]    Plaintiff paid the filing fee in full. As a result, he is not entitled to service of process by the U.S. Marshals Service. Plaintiff's recent request for service at court expense must be denied. Moreover, because the complaint will be dismissed due to numerous pleading problems (see below), Plaintiff will not be permitted to serve the current iteration of the complaint using his own resources.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | April 4, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

* * *

5. 28 U.S.C. § 1915(e)(2) states that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the Court determines that [ ] (B) the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim upon which relief may be granted." Pursuant to Section 1915(e), the Court screened Plaintiff's complaint. The complaint will be dismissed with leave to amend for the following reasons.

6. *No official capacity liability* – Plaintiff purports to sue a variety of people, municipal organizations, and business entities in their "individual" and "official" capacities. (Docket # 1 at 2-5.) A lawsuit against someone in an "official capacity" is an action against the official's office itself. However, such a party is not a "person" within the meaning of 42 U.S.C. § 1983 from which a litigant may recover money damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Because Plaintiff's complaint appears to seek monetary relief from all of the defendants (Docket # 1 at 9), there is no basis to allow the action to proceed as an official-capacity action against any party.

7. *Uncomprehensible constitutional claims* – Plaintiff's civil rights claims are founded, at least in part, on his claim for a violation of the "28th Amendment (right to health care)" of the U.S. Constitution. (Docket # 1 at 5.) There is no such provision in the Constitution. Similarly, Plaintiff contends that his Eighth Amendment rights were violated by "medical malpractice, practicing medicine without a license." (Id.) However, a claim of "medical malpractice [ ] is insufficient to establish a constitutional deprivation." Toguchi v. Chung, 319 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff is not entitled to proceed with these frivolous claims.

8. *No federal review of state decisions* – The bulk of Plaintiff's claims (in his "Attachment 2" and the exhibits to the complaint) relates to the existence of a "fraudulent discriminatory pre-sentence report that directly contradicted the arresting officer's police report." (Docket # 1 at 8.) Such an allegation does not state a legitimate federal constitutional claim. Rather, to the extent that Plaintiff seeks review of the rulings of the state court proceedings, this Court is without jurisdiction to do so. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37, 45 (1971); Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (Younger abstention appropriate if litigant has "adequate opportunity" in state appellate proceedings to raise federal questions).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | April 4, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

      9.     *Vague factual allegations* – Plaintiff advances broad claims regarding his need for "over-the-counter pain relievers," the existence of mental health issues, and the reported results of a Covid test. (Docket # 1 at 7.) "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). The facts alleged in a civil complaint "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

      10.    Here, Plaintiff's allegations of poor health care are pled with such vagueness as to time, place, and (for the mental health and Covid claims) any alleged harm that resulted that they fail to state any coherent cause of action. Moreover, the materials attached to the complaint suggest that, for at least some of the timeframe covered by the complaint, Plaintiff did receive some pain medications. (Docket # 1 at 19.) The complaint offers no understandable basis for this federal court to adjudicate the level of medical care that Plaintiff received in such daily detail.

      11.    *No facts pled against named parties* – Finally, the complaint fails to mention with any level of precision any acts that several of the named parties (such as Sheriff Parkinson or CPO Reyes) actually did that allegedly violated Plaintiff's constitutional rights. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). There is no basis for the complaint to be served on any party against whom there is not any understandable allegation.

\* \* \*

      12.    The Ninth Circuit requires that pro se litigants be given an opportunity to amend unless it is clear that the deficiencies cannot be overcome. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000). Therefore, Plaintiff may attempt to amend his complaint. Plaintiff may file a First Amended Complaint by or before May 12, to attempt to remedy the deficiencies discussed above. Failure to file an amended complaint by that date will result in a recommendation that the unauthorized claims be dismissed pursuant to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | April 4, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

Federal Rule of Civil Procedure 41(b).[2]  Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).

     13.    If Plaintiff chooses to amend his complaint again, it must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment, or document.  Moreover, the Court will be required to conduct an additional review of the First Amended Complaint after it is filed.

     14.    **Alternatively**, Plaintiff may elect to voluntarily dismiss the action with no further consequence.

**Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b).  Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).**

\* \* \*

     Plaintiff is advised of the following requirements for preparing and submitting documents in this case.  **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court**.

     1.    All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

     2.    Each document must include the title and case number (including judges' initials).  Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only.  No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court.  This provision of the Local Rules applies to all briefs.

---

     [2]    If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order.  Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); Branch v. Umphenour, 936 F.3d 994 (9th Cir. 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | April 4, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

    3.    Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

    4.    After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

    5.    At the top of the first page of any document sent to the Court, Plaintiff must give his or her name and mailing address, including prisoner number, other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

**<u>THE COURT EXPECTS STRICT COMPLIANCE WITH ALL TERMS OF THIS ORDER AND THE LOCAL RULES OF COURT</u>**