UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | May 2, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: SCREENING OF FIRST AMENDED COMPLAINT

1. Plaintiff filed his First Amended Complaint. (Docket # 12.) Pursuant to 28 U.S.C. § 1915A, the Court again screens the latest version of the pleading.

2. The amended complaint avoids some of the legal errors observed in the original pleading. The FAC no longer refers to a made-up constitutional amendment, and does not name any party in an "official capacity" as part of a demand for money damages.

3. However, the FAC appears to plead <u>fewer</u> facts to explain the basis for Plaintiff's causes of action. It also continues to advance unintelligible claims against a probation officer for her role in Plaintiff's criminal case. As a result, the FAC must be dismissed.

\* \* \*

4. As with the original complaint, the FAC purports to name a county probation officer who allegedly "tampered with and falsified evidence [ ] pertaining to the Plaintiff's mental health." (Docket # 12 at 5.) The Court previously explained that a federal court cannot review rulings in or the outcome of a state criminal case in the manner that Plaintiff requests. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). As the U.S. Supreme Court recently explained, the <u>Rooker</u> / <u>Feldman</u> doctrine "prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments" in criminal or civil cases." <u>Reed v. Goertz</u>, ___ U.S. ___, 143 S. Ct. 955, 960 (April 19, 2023).

5. Moreover, a person convicted of a crime may not pursue a Section 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In that circumstance,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | May 2, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

the "complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Plaintiff's contention that he was convicted or sentenced based on fabricated evidence – and the apparent admission that he is on parole for that offense – means that his claim against the probation officer is facially barred under Heck.

\* \* \*

    6.    Plaintiff's claims of unconstitutional misconduct against the medical staff at the SLO County Jail fare no better. The Court is aware (from the exhibits to Plaintiff's complaints and its recollection of Plaintiff's previous lawsuit in this district) that Plaintiff faces considerable difficulties with his health.

    7.    But his brief and broad contention that he was "repeatedly denied" medical attention is far to vague and conclusory to allege a constitutional violation. (Docket # 12 at 5.) A claim for denial of adequate medical care must satisfy two elements: (1) the deprivation must be, in objective terms, sufficiently serious; and (2) prison officials must have subjectively acted with deliberate indifference. LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993); Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (same).

    8.    Deliberate indifference requires pleading and proof that a defendant was aware of a substantial risk of harm to an inmate's health or safety from a serious medical need, and had "no reasonable justification" for the actions taken or the failure to act. Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). Bare allegations of improper treatment against a doctor or other medical professional "cannot support a deliberate indifference claim because they amount to a claim of negligence." Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012).

    9.    Plaintiff's FAC alleges no facts that approach the high standard required to maintain a civil rights allegation such as this. Moreover, the materials attached to the original and amended versions of the complaint appear to demonstrate that jail officials provided some level of care to Plaintiff for his conditions. Plaintiff's conclusory statements regarding the injuries he claims he suffered while in custody are also not pled with any amount of sufficiency to warrant service of the complaint on the physicians named. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-780 ODW (MRW) | Date | May 2, 2023 |
|---|---|---|---|
| Title | Clarke v. Parkinson | | |

      10.    The Court will offer Plaintiff another opportunity to try to plead a proper legal cause of action.  Plaintiff may file a Second Amended Complaint by or before <u>June 23</u>, to attempt to remedy the deficiencies discussed above.  Failure to file an amended complaint by that date will result in a recommendation that the unauthorized claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1]  <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).

      11.    If Plaintiff chooses to amend his complaint again, it must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment, or document.  Moreover, the Court will be required to conduct an additional review of the pleading after it is filed.

      12.    **<u>Alternatively</u>**, Plaintiff may elect to voluntarily dismiss the action with no further consequence.

**Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b).  <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**

---

[1] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order.  <u>Bastidas v. Chappell</u>, 791 F.3d 1155, 1162 (9th Cir. 2015); <u>Branch v. Umphenour</u>, 936 F.3d 994 (9th Cir. 2019).