JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

KELLEN CLARKE,

      Plaintiff,

v.

IAN PARKINSON, Sheriff, et al.,

      Defendants.

Case No. CV 23-780- ODW (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to court orders.

\* \* \*

1.    This is a <u>pro se</u> civil rights action. Plaintiff attempts to allege a variety of claims against San Luis Obispo County (a) probation office personnel regarding his most recent criminal case and (b) jail and medical staff regarding his most recent incarceration.[1] (Complaint.)

---

[1] Plaintiff previously tried to sue various county officials for civil rights violations related to earlier periods in custody. CV 20-9708, CV 20-8205, 20-2725, 19-5112, 18-6452 ODW (MRW) (C.D. Cal.). None of these actions led

2. Because Plaintiff paid the filing fee in full, Magistrate Judge Wilner reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). (Docket # 7.) The magistrate judge dismissed the original complaint with leave to amend for a variety of substantive and procedural reasons; namely, the complaint failed to allege a comprehensible, non-conclusory constitutional claim, and failed to assert a basis for federal court intervention with Plaintiff's criminal case.

3. Plaintiff filed a First Amended Complaint. (Docket # 12.) Judge Wilner concluded that the amended pleading was defective because it pled "fewer facts to explain the basis for Plaintiff's causes of action. It also continues to advance unintelligible claims" against the named local officials. (Docket # 13.) The First Amended Complaint was dismissed with leave to amend.

4. Plaintiff's Second Amended Complaint (Docket # 17) fared no better. That version of the complaint abandoned Plaintiff's claims against the local probation office and the challenge to his most recent criminal case. Rather, the Second Amended Complaint attempted to focus on his claims of inadequate health care while in custody.

5. However, in screening the complaint, the magistrate judge concluded that Plaintiff's conclusory allegations that jail physicians "denied 'all requests' for medical treatment" were belied by statements, attachments, and other medical records that Plaintiff submitted with the complaint regarding his considerable medical treatment. (Docket # 18 at 2-3.) Further, the amended complaint "fail[ed] to allege any facts sufficient to establish the knowledge of the practitioners or plausibly accuse the

---

to relief. All were dismissed at the pleading stage or when Plaintiff failed to respond to a defense motion.

physicians of the requisite misconduct" to the level required under Section 1983 and Ninth Circuit case law.  (Id.)

6. The order dismissing the Second Amended Complaint gave Plaintiff the opportunity to further amend his claims by August 31, 2023, to state a plausible cause of action.  The magistrate judge expressly informed Plaintiff that failure to do so would lead to dismissal of the action under Federal Rule of Civil Procedure 41 and Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

7. To date, Plaintiff has not filed a new iteration of his complaint.

\* \* \*

8. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

9. Rule 41(b) further authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document.  Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017).  Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule.  Applied Underwriters, 913 F.3d at 892.

10. A district court must consider a variety of factors before dismissing an action under Rule 41(b).  They are: the public's interest in the expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic

alternatives to dismissal. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

\* \* \*

11. In the present action, dismissal is appropriate. Despite receiving considerable guidance from the magistrate judge regarding defects with his first three complaints, Plaintiff failed to file a new version that plausibly stated a cause of action. Plaintiff's failure to respond to the Court's order demonstrates that he has no interest in advancing his most recent case. That parallels the outcome of Plaintiff's previous half-dozen actions in this district.

12. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not abided by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Omstead, 594 F.3d at 1084. The Court finds that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

Therefore, the present action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 15, 2023

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4